## Kunze v. Kunze.

(Decided April 22, 1921.)

### Appeal from Daviess Circuit Court.

1. Appeal and Error—Finding of Chancellor.—The finding of the chancellor on a question of fact will not be disturbed when the evidence is conflicting and such as to leave the mind in doubt.

2. Divorce—Alimony—Costs.—Where in a suit for divorce and alimony the wife is in fault and has ample means to pay her costs, she is not entitled to judgment for same against her husband.

T. F. BIRKHEAD and ALBERT OBERST for appellant.

LOUIS I. IGLEHEART for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the wife from a judgment dismissing her petition for divorce from bed and board and refusing to allow her alimony or costs.

The parties were married on the 4th day of January, 1915, and lived together until April 8, 1919, when plaintiff left defendant and almost immediately instituted this action.

She testified in substance that the defendant's treatment of her was "royal" for about two years after their marriage but that for more than six months next before she left him he behaved toward her in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness; that he habitually refused to speak to her or answer her questions except to curse her; that he frequently told her to leave his home and called her a "damn fool, damn street walker" and other insulting names and that for the last four months she lived in his home, he refused to occupy the same room with her; that he furnished her barely enough money for household expenses and almost none at all for her personal needs; that all of this was without fault upon her part; that she was always affectionate and kind, and continued to live with defendant and to minister to his wants as far as he would permit long after he ceased to show her any affection or consideration in the hope that he would mend his ways; that she only left after she became convinced that he would not do so. She is corroborated rather fully by her sister Mary May who lived with them until the latter part of December, 1918, and also in a general way by her brother-in-law William Allen, her niece Eva J. Allen, her sister-in-law Katie May, her sister Nettie Salmon and her brother-in-law Herbert Salmon.

Upon the other hand the defendant denied all of this testimony and placed the blame upon the plaintiff for all their marital troubles. He testified that he was kind and

considerate; that she took offense ·unreasonably and when none was intended, refused to speak to him, frequently cursed him, called him a ''damn fool'' and a ''damn Dutchman;'' that he never refused plaintiff money and not only furnished her weekly for household expenses as much as she asked or needed, but permitted her to have charged to him anything she needed. He is fully corroborated as to the conduct of himself and wife toward each other by his eleven year old daughter by a former marriage, and as to parts of his testimony and in a general way by his father, mother, a sister, a brother-in-law and his father's bookkeeper.

It will thus be seen that there are seven witnesses upon each side and their evidence just about as equally divided as to which was in fault and responsible for the separation.

The case therefore turns upon the credibility of the witnesses, and since the chancellor was on the ground and presumably knew the parties and their witnesses, he was in better position than we are to determine what effect should be given their testimony, and under a familiar rule we would not be justified in disturbing his finding that plaintiff was in fault.

This conclusion necessarily carries with it not only an affirmance of the judgment on the questions of divorce and alimony; but as to plaintiff's costs as well, since it is established without contradiction that she has ample means with which to pay same. Section 900 Kentucky Statutes.

Wherefore the judgment is affirmed.